**WO**                                                                                               SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Ryan Lawrence,  )| No. CV 06-1422-PHX-MHM (LOA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, ) | |
| Respondent. ) | |

Petitioner Mark Ryan Lawrence, presently confined by the Arizona Department of Corrections in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1] He has paid the $5.00 filing fee. The Court will order an answer.

**Procedural Background**

On June 18, 1999, in Maricopa County Superior Court, matter No. CR-1996-092975, Petitioner was sentenced to 50 years incarceration pursuant to a jury verdict finding him guilty of two counts of second degree murder and one count each of manslaughter and aggravated assault. (Doc.# 1 at 1.) Petitioner's direct appeal was denied by the Arizona Court of Appeals on February 13, 2001. (Id. at 2.) Petitioner's petition for post-conviction relief was summarily denied by the superior court on January 21, 2004 and review was denied on August 2, 2004. (Id.) Petitioner filed a second notice for post-conviction relief on October 11, 2005, which was dismissed on November 7, 2005. (Id.) Petitioner did not

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

1  seek review of that dismissal.  (Id. at 3.)

2  In his habeas petition, Petitioner raises six grounds for relief.  In Claim 1, Petitioner
3  alleges that he was denied a fair and impartial jury by the trial court's failure to dismiss a
4  juror.  In Claims 2-5, he alleges trial counsel rendered ineffective assistance by failing (a) to
5  voir dire, move to strike or exercise a peremptory strike of the juror referenced in Claim 1;
6  (b) to present evidence of the victims' intoxication to support his defense at trial; (c) to
7  present testimony from a witness to support his defense; (d) to move for a mistrial or request
8  a curative instruction following the prosecution's improper cross-examination and closing
9  argument; and (e) to object to inaccurate or misleading jury instructions or request additional
10 instructions that accurately explained legal defenses.

11  Petitioner asserts that he has either exhausted the claims or that exhaustion is not
12 required.  Even assuming that the exhaustion requirement has not been met, it appears that
13 any unexhausted claim may be procedurally barred.  In light of the possibility of procedural
14 bar, a summary dismissal would be inappropriate.  See Castille v. Peoples, 489 U.S. 346,
15 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear
16 whether claims were procedurally barred).  Accordingly, an answer is required.  28 U.S.C.
17 § 2254(a).

18 **IT IS ORDERED:**

19  (1)  A copy of the Petition and this Order be served by the Clerk of Court upon the
20 Respondent and the Attorney General of the State of Arizona by certified mail pursuant to
21 Rule 4, Rules Governing § 2254 Cases.

22  (2)  Respondent shall answer the Petition within 40 days of the date of service.
23 Respondent shall not file a dispositive motion in place of an answer, but may file an answer
24 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
25 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
26 those portions of the record relevant to those defenses need be attached to the answer.
27 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
28 defense.  Day v. McDonough, 126 S. Ct. 1675, 1682 (2006).  If not limited to affirmative

defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing § 2254 Cases.

 (3) Petitioner may file a reply within 30 days from the date of service of the answer.

 (4) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

 DATED this 8th day of August, 2006.

_____
Mary H. Murguia
United States District Judge