**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Ryan Lawrence, | No. CIV 06-1422-PHX-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

On June 1, 2006 Petitioner Mark Ryan Lawrence ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. (Dkt.# 1). The matter was referred to Magistrate Judge Lawrence O. Anderson who has issued a Report and Recommendation that recommends that the Petition be stayed and held in abeyance. Magistrate Judge Anderson's Petition addresses Petitioner's Motion to Stay (Dkt.#6) and Respondents' Motion to Dismiss or Stay and Abey the Petition. (Dkt.#15). Neither Petitioner nor Respondents have filed any objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's

1  recommendation waives all objections to the judge's findings of fact." <u>Jones v. Wood</u>, 207

2  F.3d 557, 562 n.2 (9th Cir. 2000).

3  **DISCUSSION**

4          The Court has considered the pleadings and documents of record in this case and finds

5  itself in agreement with the Magistrate Judge that the Petition should be stayed and held in

6  abeyance.  This determination is supported by the fact that Petitioner presents both exhausted

7  and unexhausted claims before this Court for federal habeas corpus review.  Most notably is

8  Ground IV of the Petition which is based upon newly discovered evidence from a witness, Mr.

9  Daryl Jones, to the crimes occurring on August 18, 1996.  On October 18, 2006, the Maricopa

10  County Superior court found that the newly discovered evidence presented in Petitioner's

11  third request for post-conviction relief presented a colorable claim and scheduled an

12  evidentiary hearing.  The trial court held that if the "allegations in the Affidavit of Daryl

13  Lemar Jones are true, the outcome of one or more of the defendant's convictions may have

14  been different..." (Respondents' Motion, Dkt.#15, Exhibit F).  As such, Ground IV of

15  Petitioner's Petition has clearly not been exhausted in state court. <u>See</u> <u>O'Sullivan v. Boerckel</u>,

16  526 U.S. 838, 844 (1999) (stating that § 2254 relief is not available "unless the applicant has

17  exhausted the remedies available in courts of the State.").  As such, the Petition is mixed in

18  that is presents both exhausted and unexhausted claims.

19          In light of the nature of the mixed petition, and based upon the recommendation of the

20  Magistrate Judge, it appears that the proper course of action, subject to the Court's discretion,

21  is to stay the proceedings to allow the unexhausted claim to be addressed in Maricopa County

22  Superior Court.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 273 (2005) (finding that AEDPA does

23  not deprive the district court of the authority to stay a petition for writ of habeas corpus where

24  it would be a proper exercise of discretion).  The three factors to be considered are whether:

25  (1) the petitioner had good cause for his failure to exhaust; (2) petitioner's unexhausted claims

26  are potentially meritorious; and (3) there is no indication that petitioner engaged in

27  intentionally dilatory litigation tactics." <u>Id.</u>  In considering these factors, they support a stay

28

1   of this action.  First, as addressed by the Magistrate Judge, the Court cannot find fault with

2   the filing of the instant Petition to ensure that Petitioner's Petition was not time barred.  <u>See</u>

3   <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413-14 (2005) (encouraging petitioner's who are

4   "reasonably confused" about their state's timeliness rules to file "protective" petitions in

5   federal court to avoid a statute of limitations problem).  Second, although the Court expresses

6   no position as to the merits of Petitioner's unexhausted claim, the claim appears "potentially"

7   meritorious as the state court has already concluded.  Third, there is no evidence to suggest

8   that Petitioner has acted in a dilatory manner through his litigation tactics.  In light of these

9   considerations, the Court will stay the proceedings and hold the Petition in abeyance.

10          **Accordingly,**

11          **IT IS HEREBY ORDERED** adopting in full the Report and Recommendation of the

12   Magistrate Judge.  (Dkt.#17).   These proceedings are stayed and the Petition will be held in

13   abeyance.

14          **IT IS FURTHER ORDERED** granting Petitioner's Motion to Stay. (Dkt.#6).

15          **IT IS FURTHER ORDERED** granting in part and denying in part Respondents'

16   Motion to Dismiss or Stay and Abey the Petition.  (Dkt.#15).  The Motion is denied to the

17   extent Respondents' seek dismissal and granted to the extent Respondents' request a stay and

18   to hold the Petition in abeyance.

19          **IT IS FURTHER ORDERED** that Petitioner will file a status report with the Court

20   no later than thirty (30) days from the date this Order is filed addressing the status of the state

21   court proceedings; and every ninety (90) days thereafter.

22          **IT IS FURTHER ORDERED** that following final action by the state courts,

23   Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend

24   the instant Petition to include the newly exhausted claim.

25   ///

26   ///

27   ///

28

- 3 -

1    **IT IS FURTHER ORDERED** that upon lifting of the stay in this case, proceedings

2  will be referred back to the Magistrate Judge for Report and Recommendation on the merits.

3    DATED this 31st day of January, 2007.

4

5

6  _____

7    Mary H. Murguia
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -