**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARK RYAN LAWRENCE,<br><br>  Petitioner,<br><br>vs.<br><br>CHARLES L. RYAN, et al.,<br><br>  Respondents. | No. CV-06-1422-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Amended Petition for Writ of Habeas Corpus of Petitioner Mark Ryan Lawrence, filed pursuant to 28 U.S.C. § 2254. (Dkt. # 26.) On February 9, 2009, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed. (Dkt. # 37.) Petitioner filed objections to the R&R. (Dkt. # 38.) For the following reasons, the Court adopts the R&R of Magistrate Anderson and dismisses the Petition with prejudice.

**BACKGROUND**

On April 6, 1999, Petitioner was found guilty of two counts of second degree murder, one count of manslaughter, and one count of aggravated assault. Petitioner was sentenced to consecutive sentences totaling 50 years pursuant to his convictions. The R&R sets forth the factual and procedural background of this case, to which neither party objected. Accordingly, the Court adopts that background as an accurate recital.

In his Amended Petition, Petitioner claimed that he was denied his Sixth Amendment right to a fair trial when the trial court empaneled a biased juror ("Ground 1") and he was denied his Sixth Amendment right to the effective assistance of counsel when his counsel: (1) failed to strike a biased juror ("Ground 2"); (2) failed to introduce evidence of the victims' blood alcohol content ("Ground 3"); (3) failed to call a witness ("Ground 4"); (4) failed to move for a mistrial based on the prosecutor's improper closing argument ("Ground 5"); and failed to object to a supplemental jury instruction ("Ground 6"). Finally, Petitioner claimed that the denial of his third petition for post-conviction relief violated the Fourteenth and Sixth Amendments ("Ground 7"). (Dkt. # 26.)

In the R&R, Magistrate Anderson found that Grounds 1, 5, and 7 were technically exhausted and procedurally defaulted. (Dkt. # 37 at 10.) Additionally, he found that Petitioner could not demonstrate cause and prejudice or a fundamental miscarriage of justice sufficient to overcome the procedural bar on those claims. (*Id.* at 12, 17.) Magistrate Anderson addressed the merits of Petitioner's remaining claims and found that Petitioner was not entitled to relief. Accordingly, he recommended that the Amended Petition be denied.

## STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

/ / /

**DISCUSSION**

On February 19, 2009, Petitioner objected to the Magistrate's R&R. (Dkt. # 38.) On February 26, 2009, Respondents filed a response to Petitioner's objections. (Dkt. # 39.) Having conducted a de novo review of the record on all relevant matters, the Court will address Petitioner's objections.

**I.    Supplemental Jury Instruction (Ground 6)**

Petitioner first objects to the Magistrate's finding that "counsel was not ineffective for failing to object to the supplemental instruction that was given to the jury." (Dkt. # 38 at 1-2.) In support of his objection, Petitioner argues that: (1) there was insufficient evidence to support a jury instruction on citizen's arrest (*Id.* at 4); and (2) even if sufficient evidence existed, the instruction was misleading. (*Id.* at 5.)

The Court agrees with the Magistrate's determination that there was sufficient evidence to support the supplemental jury instruction. At trial, there was ample evidence that after Petitioner shot the first victim, the victim's friends attempted to prevent Petitioner from leaving the scene. In order to accomplish this, they surrounded the car Petitioner and his friends were in, jumped on it, and kicked it. There was also testimony that after Petitioner and his friends entered the car to leave the nightclub, "[p]eople were coming at the back of the car . . . a lot of people were . . . pushing on the car." (Dkt. # 39 at 2.) Additionally, Forrest Wald, a friend of the first victim, testified that after his friend was shot, he proceeded to "chase after the gunman." (*Id.*) Finally, the Petitioner himself testified that after the original shooting, "several people converged on the car," attempting to "get into [it]." (*Id.*) From this evidence, it is possible a jury could reasonably have inferred that the individuals

1  surrounding Petitioner's car were attempting to make a legal citizen's arrest.[1]  As such,
2  counsel's failure to object to it does not constitute ineffective assistance of counsel.

3  Next, Petitioner argues that, even if there was sufficient evidence, the instruction was
4  misleading because it shifted the burden of proof to the defendant and it failed to take into
5  account Arizona's justification laws.  *See* A.R.S. §§ 13-401, 409, 410(B).  Neither argument
6  has merit.  At trial, defense counsel objected to an earlier version of the jury instruction,
7  arguing that the instruction shifted the burden of proof to the defendant.  The trial judge, after
8  discussing this issue with the parties, added the following language to the instruction:

> Keep in mind that it is the burden of the State to prove beyond a reasonable doubt that the Defendant was not acting in self-defense or in defense of a third party.  This burden means that the State is required to prove beyond a reasonable doubt that any physical force used against the Defendant was lawful.

12  (Dkt. # 37 at 33.)  This language, as the Magistrate determined, clearly "corrected any
13  problems with the proposed instruction by emphasizing the State's burden of proof." (*Id.* at
14  35.)

15  Furthermore, Petitioner's reliance on Arizona's justification statutes is misplaced.
16  Petitioner argues that the jury should have been instructed on these statutory defenses to give
17  it a complete and accurate understanding of citizen's arrest.  These statutes, however, address
18  when a defendant can use the justification defense for actions taken by a defendant while

---

[1] Arizona Revised Statutes Section 13-3884 provides that:

A private person may make an arrest:

1. When the person to be arrested has in his presence committed . . . a felony.

2. When a felony has been in fact committed and he had reasonable ground to believe that the person to be arrested has committed it.

- 4 -

effecting a citizen's arrest.[2] Here, however, Petitioner was not attempting to make a citizen's arrest. The concept of justification is distinct from the relevant inquiry in this case: whether the force used by those surrounding Petitioner's car might have been *lawful*. The jury instruction in this case included the exact language from the statutes pertaining to the lawfulness of a citizen's arrest. *See* A.R.S. §§ 13-3881(B), 13-3884, 13-3889. Therefore, it cannot be said that the jury instruction was misleading, and as a result, counsel was not ineffective for failing to object to it.

## II.     Fundamental Miscarriage of Justice (Ground 7)

The Magistrate found that Petitioner did not properly exhaust Ground 7, and as a result, that claim is technically exhausted and procedurally defaulted. (Dkt. # 37 at 10.) When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate . . . that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Magistrate Anderson concluded that "Petitioner does not establish that failure to consider Ground 7 will result in a fundamental miscarriage of justice." (Dkt # 37 at 13.)

"[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Thus, in order for Petitioner to demonstrate a fundamental miscarriage of justice sufficient to overcome the procedural bar, it is not enough to show "that a

---

[2] Arizona Revised Statutes Section 13-401(A), for example, provides that:

> Even though a person is justified under this chapter in threatening or using physical force or deadly physical force against another [in making or assisting in making an arrest or detention], if in doing so such person recklessly injures or kills an innocent third person, the justification afforded by this chapter is unavailable in a prosecution for the reckless injury or killing of the innocent third person.

- 5 -

1  reasonable doubt exists in light of the new evidence;" instead, he must "persuade the district
2  court that, in light of the new evidence, no juror, acting reasonably, would have voted to find
3  him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *see also Lorensten v. Hood*,
4  223 F.3d 950, 954 (9th Cir. 2000) ("Petitioner bears the burden of proof on this issue by a
5  preponderance of the evidence, and he must show not just that the evidence against him was
6  weak, but that it was so weak that no reasonable juror would have convicted him.").

7  In his objection, Petitioner asserts that newly discovered evidence, namely the affidavit
8  of Darrell Jones, if read in the context of the entire trial transcript, would have prevented any
9  reasonable juror from convicting him at trial. (Dkt. # 38 at 7-8.) In his affidavit, Mr. Jones
10 claimed that he was one of six people in the car with Petitioner. (Dkt. # 35 Ex. X at 11, 20-21.)
11 He claims, in fact, to have been sitting next to him. (*Id.* at 20-21.) While they attempted to
12 flee the scene, Jones claimed that, without looking, he "stuck his arm out the window," fired
13 off "a couple of rounds," and then placed the gun back into his backpack. (*Id.* at 22-23, 50,
14 73.)

15 During Petitioner's third post-conviction hearing, the state court found Mr. Jones's
16 testimony "incredible and unreliable" and "impossible to verify or substantiate." (Dkt. # 37at
17 14.) Factual findings made by the state court are "presumed correct" on habeas corpus review
18 unless the Petitioner can offer "clear and convincing evidence" to the contrary. 28 U.S.C. §
19 2254(e)(1). The Court agrees with Magistrate Anderson that Petitioner has failed to
20 demonstrate a fundamental miscarriage of justice. In his affidavit, filed ten years after the
21 shooting, Jones claimed not only that he had a gun on the night in question but also that he
22 fired multiple shots out the car window. (Dkt. # 35 Ex. X at 22.) The testimony adduced from
23 Jones at the evidentiary hearing, however, indicates that the other five occupants of the vehicle
24 never saw Jones possess or fire the gun. (*Id.* at 20, 61.) Forrest Wald, an eyewitness and
25 friend of one of the victims, also testified that he did not see Jones stick his arm out of the car
26 and fire the weapon.

27 Additionally, there are significant parts of Jones's testimony that naturally cast doubt
28 on his credibility. For example, during the evidentiary hearing, Jones claimed that he bought

- 6 -

the gun a few years before the incident, although he could not remember how he acquired it. (*Id.* at 52-54.) Jones also testified that shortly after the shooting he sold the gun, however, he once again could not recall the details of the transaction. (*Id.* at 31-32.) Even assuming Mr. Jones's affidavit was reliable, Petitioner has not established that it is more likely than not that, in light of the affidavit, no reasonable juror would have found him guilty beyond a reasonable doubt. As a result, his assertion of a fundamental miscarriage of justice must be rejected.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. # 37) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Writ of Habeas Corpus (Dkt. # 26), filed pursuant to 28 U.S.C. § 2254, is **DENIED and DISMISSED WITH PREJUDICE**.

DATED this 22nd day of April, 2009.

*G. Murray Snow*
United States District Judge